# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ANTHONY DOMENIC REO**<br>7143 Rippling Brook Lane<br>Mentor, OH 44060<br><br>   Plaintiff,<br> v.<br>**QUAKE ENERGY**<br>P.O. Box 6036<br>Austin, TX 78762<br>   Defendant. | Case No. 1:18-cv-02219-CAB<br><br>Hon. Christopher A. Boyko |
| **REO LAW, LLC**<br>By: Bryan Anthony Reo (#0097470)<br>P.O. Box 5100<br>Mentor, OH 44061<br>(Business): (216) 505-0811<br>(Mobile): (440) 313-5893<br>(E): Reo@ReoLaw.org<br>*Attorney for Anthony Domenic Reo* | **TAFT STETTENIUS & HOLLISTER**<br>By: Matthew Barbara<br>200 Public Square Suite 3500<br>Cleveland, OH 44114<br>(Phone): (216) 706-3954<br>(Fax): (216) 214-3707<br>(E): mbarbara@taftlaw.com<br>*Attorney for Quake Energy* |

## MOTION TO ENFORCE SETTLEMENT AND FOR SANCTIONS

  Plaintiff Anthony Domenic Reo, via the undersigned attorney, hereby propounds upon this honorable Court Plaintiff's Motion to Enforce Settlement and For Sanctions. This motion shall be based upon the attached Brief in Support, the attached Exhibit, and such other and further oral and documentary evidence as may be presented at any future hearing on this Motion.

             RESPECTFULLY SUBMITTED,

             /s/ BRYAN ANTHONY REO_____
             **REO LAW LLC**

By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **ANTHONY DOMENIC REO**<br>7143 Rippling Brook Lane<br>Mentor, OH 44060<br><br>      Plaintiff,<br>  v.<br>**QUAKE ENERGY**<br>P.O. Box 6036<br>Austin, TX 78762<br>      Defendant. | Case No. 1:18-cv-02219-CAB<br><br>Hon. Christopher A. Boyko |

| | |
|---|---|
| **REO LAW, LLC**<br>By: Bryan Anthony Reo (#0097470)<br>P.O. Box 5100<br>Mentor, OH 44061<br>(Business): (216) 505-0811<br>(Mobile): (440) 313-5893<br>(E): Reo@ReoLaw.org<br>*Attorney for Anthony Domenic Reo* | **TAFT STETTENIUS & HOLLISTER**<br>By: Matthew Barbara<br>200 Public Square Suite 3500<br>Cleveland, OH 44114<br>(Phone): (216) 706-3954<br>(Fax): (216) 214-3707<br>(E): mbarbara@taftlaw.com<br>*Attorney for Quake Energy* |

**BRIEF IN SUPPORT OF MOTION TO ENFORCE
SETTLEMENT AND FOR SANCTIONS**

Throughout 9/20/2018 and 9/21/2018 Counsel for Plaintiff Bryan Anthony Reo and Counsel for Defendant Matthew Barbara had a series of phone calls and an exchange of emails in an attempt to settle and resolve the underlying claims of Anthony Domenic Reo giving rise to the action.

On 9/21/2018 several phone conversations occurred between Plaintiff's Counsel and Counsel for Defendant in an attempt to settle and resolve the case. As a result of the series of phone calls an agreement was reached by which Defendant would pay to Plaintiff, $4,500.00 [four thousand and five hundred dollars] in addition to the filing fee of $125.00 [one-hundred and twenty-five dollars] for a total of $4,625.00 dollars for a full and total settlement of any

claims Anthony Domenic Reo had or may have had against Quake Energy up to the point of the execution of the agreement. Defense Counsel, then contacted Plaintiff's Counsel and insisted on an additional/new term. Specifically, that the "release operate prospectively indefinitely into the future and exculpate Defendant from any future calls to Plaintiff" something that was never part of the initial discussion or the original deal such as had been agreed by the parties.

Counsel for Plaintiff communicated his client's refusal to give a blanket release into the future, what would essentially be a blank check for Defendant to engage in unlimited torts against Plaintiff. Plaintiff's Counsel repeated his willingness to abide by the original agreement and his client's willingness to execute a release that would release all then currently existing claims or causes of action against Defendant.

Defense Counsel then sent an email to Plaintiff's Counsel providing an absurd explanation for how the call(s) allegedly occurred, suggesting that Plaintiff and/or Plaintiff's Counsel had an undercover operative in Defendant's call center who was directed, by Plaintiff or Plaintiff's Counsel, to place exactly one call to Plaintiff, for the purpose of causing Defendant to incur liability to Plaintiff. Defendant then intimated that if Plaintiff would not settle on the terms that included the additional proposed term of the future blank check release, that defendant's strategy, going forward, would be to "investigate and develop this [conspiracy] theory" in other words, to probably outright accuse Plaintiff and/or Plaintiff's Counsel of a criminal conspiracy or some sort of fraud offense.

When Plaintiff's Counsel suggested to Defense Counsel that the remarks constituted an improper threat, Defense Counsel did nothing to attempt to clarify or correct the understanding of Plaintiff's Counsel, assuming the understanding might have been incorrect. In essence Plaintiff's Counsel emailed to Defense Counsel, "you and your client intend to accuse me and my client of criminal conspiracy and fraud?" and Defense Counsel's response could be summarized as, "we are going to proceed accordingly and fully develop our narrative." If Plaintiff's Counsel was mistaken and Defense Counsel never meant Plaintiff or Plaintiff's Counsel to feel threatened with criminal prosecution, an immediate response of "we never meant anything along those lines, we're sorry for the misunderstanding" would have been appropriate, not a response of, "we will fully develop our narrative if we have go forward." [See Exhibit 1 email from 9:44 am 9/24/2018]

The email exchange is attached to this motion and brief as Exhibit 1 for this Court to review in making a determination as to-

1) Whether an enforceable settlement agreement was created on 9/21/2018;

2) Whether Defendant or Defense Counsel did something that rises to the level of a sanction viz a viz attempting to gain an advantage in a civil action via an improper threat;

3) Whether Plaintiff is entitled to sanctions for the costs associated with having to enforce the settlement; and

4) Whether Defendant or Defense Counsel should be sanctioned for an improper threat.

**II. LAW & ARGUMENT**

A settlement agreement that both parties agree is a valid binding verbal agreement particularly given that the terms of the verbal agreement correspond with the basic terms articulated in the written email wherein Defendant confirms the acceptance of the amount in question.

Settlement agreements are contractual in nature and, as such, basic principles of contract law apply. *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 1997-Ohio-380, 683 N.E.2d 337. "'[A] valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof.'" Id. at 376, quoting *Noroski v. Fallet*, 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). Additionally, the terms of the settlement agreement must be reasonably certain and clear. Id.

When the parties to a lawsuit have entered into a binding settlement agreement, the trial court has the authority to enforce that settlement. *Tabbaa v. Koglman*, 149 Ohio App.3d 373, 377, 2002-Ohio-5328, 777 N.E.2d 338, citing *Mack v. Polson*, 14 Ohio St.3d 34, 470 N.E.2d 902 (1984).

A binding settlement agreement was entered into on September 21, 2018 when Defendant,through counsel, agreed to Plaintiffs's demand of $4,500 + $125.00 filing fee and Plaintiff accepted the terms of a full release up to the point of execution of the agreement. Plaintiff has been ready to execute a release covering all claims up to the point of execution of the release should Defendant deem fit to furnish him with an acceptable proposed release to sign.

6

Defendant has attempted to modify the agreement by including an additional term, specifically a release operating into the future.

### III. CONCLUSION

For the reasons set forth herein, this Honorable Court should grant Plaintiff's Motion to Enforce Settlement and For Sanction and enter a judgment of settlement in favor of Plaintiff in the amount of $4,500.00 dollars in addition to the cost of filing the action in Painesville Municipal Court [$125] for a total of $4,625.00 not inclusive of interest to accrue at the rate of 10% per annum, as well as sanctioning Defendant in an amount or manner that this Court deems just and proper in light of Defendant's bad faith conduct in refusing to proceed to execute the terms of the settlement agreement in good faith and attempting to coerce Plaintiff and Plaintiff's Counsel with a very thinly veiled threat of making allegations of criminal conduct to influence a civil matter, and granting any such other relief as is deemed just and proper.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

# Certificate of Service

I, Bryan Anthony Reo, do hereby certify and affirm that a true and accurate copy of the foregoing document was submitted to the Court's Electronic Filing System on October 9, 2018, which should serve said document upon all attorneys of record for the instant civil action:

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*