## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **ANTHONY DOMENIC REO,** | ) | **Case No. 1:18-cv-02219-CAB** |
| | ) | |
| **Plaintiff,** | ) | **Judge Christopher A. Boyko** |
| | ) | |
| **v.** | ) | |
| | ) | **DEFENDANT'S BRIEF IN** |
| **QUAKE ENERGY,** | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **MOTION TO ENFORCE SETTLEMENT** |
| **Defendant.** | ) | **AND FOR SANCTIONS** |
| | ) | |

## INTRODUCTION

Plaintiff Anthony Domenic Reo ("Plaintiff") seeks to enforce a purported oral settlement agreement with Defendant Quake Energy ("Quake"). Plaintiff claims this alleged agreement, which contains terms contrary to those in emails Plaintiff submitted with his motion, was reached during a one-on-one phone call between counsel. No oral settlement agreement exists, nor has one ever existed. The parties never reached any settlement agreement to resolve Plaintiff's claims, let alone an agreement covering all the material terms needed for any enforceable settlement agreement. As a result, because there was no acceptance of Plaintiff's proposed terms, nor a meeting of the minds, Plaintiff's motion to enforce should be denied.

## FACTUAL BACKGROUND

Plaintiff filed this lawsuit shortly after he allegedly received one or more unwanted phone calls to his residential telephone. (ECF No. 1-1, PageID# 9.) The operative complaint alleges Quake violated the Telephone Consumer Protection Act ("TCPA") and various Ohio state consumer protection states by placing the call or calls in issue. (*Id.*) Limited settlement negotiations between counsel began shortly after the complaint was filed and served. As the initial

23766426.1

discussions were unproductive, Quake timely answered Plaintiff's complaint and removed the action to this Court. (ECF No. 1 and 1-1.)

Shortly before Defendant filed its notice of removal—on September 21, 2018—the parties engaged in a series of negotiations consisting of a number of emails and phone calls between counsel. (ECF No. 4-1.) These negotiations are memorialized, in part, in the emails appended to Plaintiff's motion. (*Id.*)

As the emails indicate, Plaintiff's counsel demanded $4,625 in for exchange a limited release of all claims "up to the point of execution," but expressed no additional settlement terms. (*Id.*) Defense counsel replied shortly thereafter and stated that "Quake has some rather specific concerns about the terms of any settlement agreement" and requested a call to discuss in further detail. (*Id.*) The parties then participated in a series of phone calls, but were unable to agree to a settlement value, the scope of a release, or any other terms of an agreement.

Following the call, defense counsel emailed Plaintiff's counsel regarding the contours of a proposed counteroffer, while emphasizing that the terms of the proposal were not yet final. In particular, defense counsel proposed a counteroffer and emphasized that any agreement would be subject to additional terms:

> Quake will pay $4,500 for a full and complete release of all claims arising from any alleged telemarketing activities involving you and your client. Any settlement must include both Quake, as well as its partners, subsidiaries (if any), and affiliates. And the release would look backward, as well as forward for a ten year term. Other standard settlement terms would also be included, and we can certainly work to agree on language. (ECF No. 4-1.)

Defense counsel also highlighted the deficiencies in Plaintiff's case and possible defenses and areas that might be explored in discovery:

> Given the evidence we've seen so far, as well as the backstory to this case, this offer seems more than reasonable. As I mentioned

2

23766426.1

during our prior calls, Quake understands that the "call" in issue was placed by a person who logged in from a different campaign and *manually* dialed your client's number. This call was then recorded. It also appears, based on our prior communications, that you (not your father) answered the phone. This lawsuit was then filed the same day; in fact, it was filed about three hours after the call was made. In addition, we have learned that the person who placed the call was with the center for only two days before disappearing, and has never picked up his paycheck. While this narrative is incomplete, the facts that we know paint a very curious picture. And in the event this case proceeds to discovery, Quake will be looking to more fully develop each of these facts. (*Id.*)

Following receipt of this email, Plaintiff's counsel claimed in an email that he would be "proceeding without delay" to engage in discovery. The parties then resumed their settlement negotiations and, after these proved to be unfruitful, Plaintiff filed the instant motion to enforce, claiming that an oral agreement had been reached.

Prior to filing his motion, however, Plaintiff's counsel never sent a confirmatory email summarizing all material elements the parties' alleged "settlement agreement," nor did he specify during conversations with counsel what the material terms of the "settlement agreement" were, beyond the purported agreement as to the $4,625 payment for a release of claims up to the settlement date, which Quake denied. Further, counsel for Quake never indicated at any point that Quake had agreed to any of the terms proposed by Plaintiff's counsel. Finally, two days after filing the motion to enforce settlement—on October 11, 2018—Plaintiff's counsel emailed defense counsel about coordinating a Rule 26(f) conference, further undercutting his contention that a settlement had been reached. On these facts, it is apparent that Plaintiff's Motion to Enforce is baseless and should be denied.

**ARGUMENT**

**I.     Legal Standard.**

"The burden of establishing the existence and terms of a settlement agreement rests on the party asserting its existence." *Bernabei v. St. Paul Fire & Marine Ins. Co.*, 5th District Stark No. 2004CA00148, 2005-Ohio-575, ¶ 12. "A valid settlement agreement must arise from a ***meeting of the minds***, and ***must contain an offer and acceptance of the essential or material terms*** of the agreement." *All Metal Sales, Inc. v. All Metal Source, LLC*, No. 1:10 CV 2343, 2011 WL 2976927, at \*1 (N.D. Ohio July 20, 2011) (emphasis added); *see Condos. at Stonebridge Owners' Ass'n, Inc. v. Patton*, 8th Dist. Cuyahoga No. 94139, 2010-Ohio-3616, ¶ 11 ("An extrajudicial settlement agreement is enforceable if a binding contract exists among the parties, that is, if there was an offer on one side and an acceptance on the other and a meeting of the minds of the parties regarding the terms of their agreement."). Where an alleged settlement is verbal and not written, "the existence and terms of the agreement must be established by clear and convincing evidence." *Bernabei* at ¶ 13. Here, Plaintiff has failed to meet his burden because there was no meeting of the minds, the terms of any purported "settlement" were never accepted, and no contract was formed. Accordingly, the Court should deny Plaintiff's settlement motion.

**II.     There Was No Acceptance Or Meeting Of The Minds Between The Parties.**

Under Ohio law, a settlement agreement is a contract, enforceable only if the court finds "an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Page v. Unimerica Ins. Co.*, No. 3:12-CV-103, 2014 WL 202089, at \*7 (S.D. Ohio Jan. 17, 2014) (citing *Kostelnik v. Helper,* 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58). While oral agreements can be enforceable when the terms are stated with "sufficient particularity," it is preferable that a

4

settlement be reduced to writing. *Id*. "To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear." *Riordan's Sporting Goods, Inc. v. Riordan's Sports & Equip., LLC*, 11th Dist. Trumbull No. 2002-T-0099, 2003-Ohio-3878, at ¶ 12 (finding no enforceable settlement agreement). Vagueness, indefiniteness, or uncertainly as to any essential term bars the creation of an enforceable contract. *Bernabei*, 2005-Ohio-575, at ¶ 13.

Here, the terms of the purported agreement were not sufficiently certain or clear to create an enforceable agreement or to evidence a meeting of the minds. After receiving a perfunctory demand in which Plaintiff demanded $4,625 for a release "for all calls and claims up to [the] point of execution," defense counsel informed Plaintiff that it appeared that the parties were close to a mutually agreeable number, but also that "Quake has some rather specific concerns about the terms of any settlement agreement." (Doc. 4-1.) The ensuing discussion was unsuccessful and did not result in an agreement between the parties. Defense counsel then emailed Plaintiff with some, but not all, material terms of a proposed settlement, emphasizing that other terms would have be included and that the parties could work on language. (*Id*.) This dynamic operates as a rejection and a counteroffer, not an acceptance. *In re Halishak*, 324 B.R. 641, 644 (Bankr. N.D. Ohio 2005) ("And as a counteroffer, contract law provides that it operates so as to reject and extinguish all previous offers, thereby preventing the formation of any contract."); *Tel. Mgmt. Corp. v. Goodyear Tire & Rubber Co.*, 32 F. Supp. 2d 960, 970 (N.D. Ohio 1998) ("A rejection is implied in a counteroffer, which is 'interpreted as being in effect a statement by the offeree not only that he will enter into the transaction on the terms stated in his counteroffer, but by implication that he will not assent to the terms of the original offer.")

Plaintiff claims, without evidence, that the parties reached an agreement on a phone call between counsel with no witnesses, transcript, or evidence memorializing the contents of the call.

23766426.1

These statements and unsupported representations are insufficient to demonstrate, by clear and convincing evidence, a meeting of the minds or terms that are reasonably certain and clear. *See Damron v. Jackson*, S.D.Ohio No. 2:09-cv-50, 2015 WL 9703693, at \*2 (Dec. 23, 2015) (denying motion to enforce because plaintiff "fail[ed] to indicate what terms he believe[d] constitute the supposed settlement agreement" and relied on conclusory allegations). In contrast, the emails submitted by Plaintiff confirm that the parties' written negotiations were unsuccessful, and that no agreement was reached. Indeed, the "terms" of the purported settlement are contrary to the emails Plaintiff submitted with his motion, which evidence a rejection and counteroffer.

Moreover, even if Plaintiff is correct—and he is not—that the parties reached an agreement as to the *monetary* consideration to support settlement, the record establishes that the parties did not agree to other material terms, such as the scope of a release. *See Brockwell v. Beachwood City Sch. Dist.,* No. 1:04 CV 1155, 2008 WL 918266, at \*8 (N.D. Ohio Mar. 31, 2008) (denying motion to enforce settlement where parties agreed on monetary payment but not other material terms). Plaintiff claims that any agreement would release claims up to the point of execution, while Quake demanded a release operating into the future, which Plaintiff's counsel has agreed to in prior lawsuits. *See Reo v. Allegiance Administrators LLC*, No. 2017-L-112, 2018-Ohio-2464, ¶ 2. As a result, since the elements of contract formation were not met, let alone established by clear and convincing evidence, Plaintiff's motion to enforce should be denied.

### III.    Even If Plaintiff Identified An Oral Agreement—And He Did Not—A Hearing Is Required Before A Disputed Settlement Can Be Approved.

Even if Plaintiff met his burden of showing a clear and definite settlement agreement by clear and convincing evidence—and he did not—the purported agreement cannot be imposed on Quake without a hearing. "Where parties dispute the meaning or existence of a settlement agreement, a court may not force an agreement upon the parties." *Hinton v. Trinity Highway Prod.,*

*LLC*, No. 4:12-CV-1063, 2012 WL 5054140, at *3 (N.D. Ohio Oct. 18, 2012) (citing *Rulli*, 79 Ohio St.3d at 377). To do so "would be to deny the parties' right to control the litigation, and to implicitly adopt … the interpretation of one party, rather than enter judgment based upon a mutual agreement." *Rulli* at 377. The rule in the Sixth Circuit is that, where the existence of a settlement is in dispute, the entry of an order enforcing an alleged settlement without a plenary evidentiary hearing is improper. *Reed v. Wehrmann*, 159 F. Supp. 2d 700, 703 (S.D. Ohio 2001). This case is no exception. Even if the Court were to somehow conclude that the parties reached an oral agreement—and they did not—they dispute the essential terms of the contract. As a result, the Court should hold a hearing before any purported agreement is forced upon Quake.

## IV.     Plaintiff's Claim Of Improper Threats Is Disingenuous And False.

Plaintiff's statement that the representations in the confidential settlement communication sent on September 21, 2018 constitute "threats" is both disingenuous and false. A plain reading of the email reveals that Plaintiff mischaracterizes and takes these statements out of context in an effort to manufacture a dispute. Highlighting weaknesses in a case and describing areas of inquiry in discovery is not an improper threat; it is proper and vigorous advocacy. Plaintiff's contrary suggestion is inaccurate and improper.

## V.     An Award Of Sanctions Is Improper.

An award of sanctions in Plaintiff's favor is improper in this case. As an initial matter, Rule 11 requires a motion for sanctions to "be made separately from other motions or requests." Fed. R. Civ. P. 11(c). Plaintiff, however, has combined his request for sanctions in his motion to enforce. Plaintiff has likewise failed to show that he complied with the mandatory twenty-one day safe harbor period before filing a request for Rule 11 sanctions with the Court. *Id.* Thus, to the extent Plaintiff seeks to premise his request for sanctions under Rule 11, it should be denied.

23766426.1

*Barney v. Avis Rent a Car Sys., Inc.*, No. 106 CV 0863, 2007 WL 1598615, at *3 (N.D. Ohio June 1, 2007) (declining to award Rule 11 sanctions where request for sanctions where sanctions request was not filed separately).

Moreover, Plaintiff has failed to establish any grounds to warrant the imposition of sanctions in this case. Rule 11 sanctions are appropriate when the court determines that an attorney's conduct is not reasonable under the circumstances. *Tahfs v. Proctor*, 316 F.3d 584, 595 (6th Cir. 2003). In addition, sanctions may be warranted under the Court's inherent powers when a party has "acted in bad faith, vexatious, wantonly, or for oppressive reasons," such as a "willful abuse of the judicial process," "impermissible litigation practices," or violation of a court order. *Kleinmark v. St. Catherine's Care Ctr.*, 585 F.Supp.2d 961, 966-967 (N.D. Ohio 2008). Here, however, Plaintiff cannot establish that Quake acted unreasonably, frivolously, or in bad faith, or that it willfully abused the judicial process or violated a court order. As a result, Plaintiff's request for sanctions should be denied.

## CONCLUSION

Plaintiff's motion to enforce an oral settlement agreement is unsubstantiated and contradicts the parties' clear intent. There is no enforceable contract because there was no meeting of the minds and the parties never agreed on terms that were reasonably certain and clear. Hence, Plaintiff's motion should be denied. Further, Quake respectfully requests it be awarded its reasonable expenses incurred in defending Plaintiff's motion, including attorney's fees, under Fed. R. Civ. P. 11(c)(2).

23766426.1

Dated: October 23, 2018                    Respectfully submitted,


                                           */s/ Matthew B. Barbara*
                                           Matthew B. Barbara (0093978)
                                           Taft Stettinius & Hollister LLP
                                           200 Public Square
                                           Suite 3500
                                           Cleveland, Ohio 44114
                                           (216) 241-2938
                                           (216) 241-3707 (fax)
                                           mbarbara@taftlaw.com

                                           *Attorney for Defendant*

23766426.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2018, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Matthew B. Barbara*
Matthew B. Barbara (0093978)

*Attorney for Defendant Quake Energy*

23766426.1