## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **ANTHONY DOMENIC REO,** | ) | Case No. 1:18-cv-02219-CAB |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S BRIEF IN** |
| **QUAKE ENERGY,** | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **MOTION TO STRIKE AFFIRMATIVE** |
| Defendant. | ) | **DEFENSES** |
| | ) | |

## INTRODUCTION

Plaintiff Anthony Domenic Reo's ("Plaintiff") Motion to Strike Affirmative Defenses should be denied. Plaintiff claims that each of Defendant Quake Energy's ("Quake") affirmative defenses should be stricken because they purportedly fail to satisfy the pleading standard in *Iqbal* and *Twombly*. He also claims that several defenses should also be stricken because they are "legally insufficient" and are "frivolous to the point of being a joke," stating that the defenses "would be funny except for the fact that this is a court of law … not open mic night at the local pub." (ECF No. 7, p. 3.) Plaintiff, however, is mistaken because the pleading standard in *Iqbal* and *Twombly* does not apply to affirmative defenses and because Quake's defenses give Plaintiff fair notice. Accordingly, the Motion to Strike Affirmative Defenses should be denied.

In the alternative, should the Court be inclined to grant Plaintiff's motion as to one or all of Quake's defenses, Quake respectfully requests that it be granted leave to amend its answer and replead under Fed. R. Civ. P. 15.

23841691.1

## ARGUMENT

**I.  Legal Standard.**

Motions to strike under Federal Rule 12(f) "are viewed with disfavor and are infrequently granted." *Malibu Media, LLC v. Doe*, No. 1:14CV2293, 2015 WL 5730756, at *2 (N.D. Ohio Sept. 29, 2015); *Pool v. Burger*, No. 1:16CV2908, 2017 WL 6062921, at *2 (N.D. Ohio Sept. 5, 2017) (holding that "courts view motions to strike with disfavor and rarely grant them.") A motion to strike is a "drastic remedy" that is "seldom granted absent a showing of real prejudice to the moving party." *Siddhar v. Sivanesan*, No. 2:13cv747, 2013 WL 6504667, at *9 (S.D. Ohio Dec. 11, 2013). Further, "[c]ourts generally disfavor motions to strike affirmative defenses because they potentially serve only to cause delay." *Williams v. Provident Inv. Counsel, Inc.*, 279 F.Supp.2d 894, 906 (N.D.Ohio 2003). The Sixth Circuit has emphasized the limited circumstances in which a motion to strike should be granted:

> [p]artly because of the practical difficulty of deciding cases without a factual record, it is well established that the action of striking a pleading should be sparingly used by the courts. … It is a drastic remedy to be resorted to only when required for the purposes of justice. … The motion to strike should be granted ***only when the pleading to be stricken has no possible relation to the controversy.***

*Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (emphasis added).

**II.  The Pleading Standard In *Iqbal* And *Twombly* Does Not Apply To Affirmative Defenses.**

Plaintiff claims that Quake's defenses, which were initially pleaded in an Ohio state court, are subject to a heightened pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). But the majority of courts in the Sixth Circuit hold that the *Iqbal* and *Twombly* pleading requirements do not apply to affirmative defenses. *Vary v. City of Cleveland*, No. 1:16–CV–00037, 2016 WL 3085311, at *1 (N.D. Ohio June 2, 2016)

("This Court follows the majority approach in finding that the *Iqbal* and *Twombly* pleading requirements do not apply to affirmative defenses."); *Jam Tire, Inc. v. Harbin*, No. 3:14-CV-00489, 2014 WL 4388286, at *3 (N.D. Ohio Sept. 5, 2014) ("I am not persuaded that *Twombly's* heightened pleading standards apply to affirmative defenses."); *Pidcock v. Schwab*, 569 B.R. 463, 480 (N.D. Ohio 2017) ("The Court acknowledges that some Ohio district courts have concluded that the *Twombly/Iqbal* heightened pleading standard applies to affirmative defenses. The majority of courts considering this issue, however, have concluded to the contrary.") (citation omitted).

Plaintiff relies on *HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp.2d 687 (N.D. Ohio 2010) (Zouhary, J.) and *Microsoft Corp. v. Lutian*, No. 1:10 CV 1373, 2011 WL 4496531 (N.D. Ohio Sept. 27, 2011) (Oliver, J.), but these cases are not controlling. *Vary* was decided in 2016 and the Northern District of Ohio has reached the same conclusion as *Vary* in other recent cases. *See Pidcock*, *supra*; *Nat'l Credit Union Admin. Bd. v. Ciuni & Panichi, Inc.*, No. 5:16-CV-455, 2017 WL 1179141, at *6 (N.D. Ohio Mar. 30, 2017) ("the Court finds incorrect and unsupported by case law plaintiff's argument that the *Twombly*/*Iqbal* standards apply to the pleading of affirmative defenses."). In fact, Judge Gwin rejected the very argument Plaintiff makes here only two months ago. *Reo v. Midland Credit Mgmt.*, No. 1:18-CV-1544, 2018 WL 3993874, at *1 (N.D. Ohio Aug. 21, 2018).

As recently as January 2016, the Sixth Circuit observed that it "has not addressed the precise issue of whether the *Twombly/Iqbal* heightened pleading standard applies to affirmative defenses." *Depositors Ins. Co. v. Estate of Ryan*, 637 F. App'x 864, 869 (6th Cir. 2016). "The current law in the Sixth Circuit is that an affirmative defense may be pleaded in general terms and

is sufficient 'as long as it gives plaintiff fair notice of the nature of the defense.'" *Pidcock*, 569 B.R. at 480 (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).

Here, since the *Iqbal* and *Twombly* standards do not apply to affirmative defenses, Plaintiff's request to strike each of Quake's affirmative defenses should be denied.

### III. Quake's Affirmative Defenses Gave Plaintiff Fair Notice And Are Sufficient.

Plaintiff also claims that several of Quake's defenses should be stricken as "immaterial or insufficient." But Plaintiff's arguments rely on factual and legal disputes that are not appropriate on a motion to strike. Out of an abundance of caution, Quake addresses each contested defense as follows:

> **SIXTH DEFENSE: Plaintiff's claims are barred because, upon information and belief, the alleged promotional program at issue was conducted in good faith and in compliance with all applicable regulations.**

Plaintiff claims this defense should be stricken because his claims derive from strict liability statutes and relies on *Reo v. Midland Credit Mgmt.*, No. 1:18-CV-1544, 2018 WL 3993874, at *1 (N.D. Ohio Aug. 21, 2018). (ECF No. 7, p. 8.) As an initial matter, Plaintiff's reliance on *Reo* is inapt because, as noted above, Judge Gwin rejected the plaintiff's argument that the pleading standard in *Iqbal* and *Twombly* applies to affirmative defenses. *Reo* at *1. Regardless, other district courts have concluded that good faith can operate as a defense to a Telephone Consumer Protection Act ("TCPA") claim. *See Danehy v. Time Warner Cable Enterprises*, No. 5:14-CV-133-FL, 2015 WL 5534094, at *6 (E.D.N.C. Aug. 6, 2015); *Chyba v. First Fin. Asset Mgmt., Inc.,* No. 12–cv1721–BEN, 2014 WL 1744136, at *12 (S.D. Cal. 30 Apr. 2014). Hence, Plaintiff's motion to strike should be denied as to Quake's sixth defense.

**EIGHTH DEFENSE**: **Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his damages.**

Plaintiff states that mitigation of damages is "not possible in a strict liability situation where damages are prescribed and defined on a statutory basis." (ECF No. 7, p. 8.) But Plaintiff's prayer for relief is not limited to statutory damages; rather, he seeks "general damages, statutory damages, treble damages, [and] punitive damages," as well as attorney's fees, costs, and equitable relief. (ECF No. 1-1, PageID# 15.) Where a plaintiff seeks actual damages, failure to mitigate is a valid defense. *Lindenbaum v. CVS Health Corp.*, No. 1:17-CV-1863, 2017 WL 5562072, at *2 (N.D. Ohio Nov. 20, 2017) (permitting mitigation defense where the plaintiff failed to show it had no possible relation to the controversy and failed to cite controlling authority that would clearly preclude a defendant from raising the defense); *Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-CV-14376, 2014 WL 4715532 (E.D. Mich. Sept. 22, 2014) (granting motion to strike mitigation defense where plaintiff sought *only* statutory damages and holding that "[s]hould plaintiff amend its complaint to seek actual damages exceeding the statutory amount, defendant may seek leave to amend its answer accordingly.") Accordingly, since Plaintiff's claim is not limited to statutory damages, his motion should be denied as to Quake's failure to mitigate defense.

**TENTH DEFENSE: Plaintiff's claims are barred by the statute of limitations.**

Plaintiff states that Quake's statute of limitations defense "should be stricken for the waste of time that it is" because his Complaint alleges that the phone calls in issue occurred in 2017 and 2018. (ECF No. 7, p. 9.) Plaintiff, however, does not allege the precise date of each call in issue and he alleges that unwanted phone calls were made "throughout 2015" and "throughout 2017 and 2018." (ECF No. 1-1, PageID# 9-10.) Given the ambiguities in Plaintiff's Complaint, Quake's statute of limitations defense is not frivolous—particularly since failure to plead this defense may

result in waiver. *Todd v. Baker*, No. 2:06 CV 0889, 2006 WL 3834308, at *2 (S.D. Ohio Dec. 29, 2006) (holding that the statute of limitations defense "must ordinarily be raised in a responsive pleading, and which may be waived"). Further, Quake's tenth defense is properly pleaded. *Montgomery v. Wyeth*, 580 F.3d 455, 467 (6th Cir. 2009) (holding that defense was properly pleaded when defendant alleged only "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose"). Plaintiff's motion to strike should be denied as to Quake's tenth defense.

**ELEVENTH DEFENSE: Plaintiff's claims are barred by the doctrine of unclean hands and/or unjust enrichment.**

Plaintiff claims that Quake's unclean hands and unjust enrichment defenses should be stricken because "[a] principal of equity cannot be used to avoid a statutory mandate." (ECF No. 7, p. 10.) There is, however, no question that Plaintiff prays for the Court to "[g]rant an injunction enjoining Defendant from contacting Plaintiff in the future with unlawful telemarketing calls." (ECF No. 1-1, PageID# 15.) At a minimum, Quake's equitable defenses are an appropriate and pertinent response to Plaintiff's prayer for equitable relief. *See, e.g., Found for Interior Design Educ. Research v. Savannah Coll. Of Art & Design*, 244 F.3d 521, 526 (6th Cir. 2001) (noting that a federal court "may refuse to hear" a declaratory judgment claim "on equitable grounds"); *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *1 (E.D. Cal. Nov. 16, 2015) (refusing to strike equitable defenses of unclean hands, estoppel, and wavier in a TCPA case); *Exclusively Cats Veterinary Hosp.*, 2014 WL 4715532, at *4 (denying motion to strike unclean defense in TCPA case and holding "[r]egardless of whether the defense of unclean hands is relevant to defendant's liability, it may be relevant to plaintiff's requested relief."); *Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *4 (S.D. Ohio Oct. 28, 2014)

(refusing to strike equitable defenses including unclean hands even though they "lack[ed] factual detail"). As a result, Plaintiff's motion to strike should be denied as to Quake's eleventh defense.

> **FOURTEENTH DEFENSE: Plaintiff's claims are barred by accord and satisfaction.**

Plaintiff claims, without reference to authority, that Quake's accord and satisfaction defense is "truly frivolous." (ECF No. 7, p. 11.) Plaintiff, however, alleges that Quake called the same phone number at issue in this case in 2015 and that these calls resulted in a lawsuit being filed in Lake County, Ohio.[1] (ECF No. 1-1, PageID# 9.) That lawsuit has since been settled and dismissed.[2] As a result, to the extent any of Plaintiff's claims in the current lawsuit relate to the Lake County case or the settlement reached in that case, they could foreseeably be barred by an accord and satisfaction. Regardless, the merits of this defense are not in issue in a ruling on Plaintiff's motion to strike. And as Quake's fourteenth defense gives Plaintiff fair notice of this issue, Plaintiff's motion to strike should be denied as to this defense.

> **FIFTEENTH DEFENSE: Plaintiff's claims are barred to the extent Plaintiff consented to, permitted, or invited the receipt of calls or messages on any of the phone numbers identified in the Complaint.**

Plaintiff claims that Quake's fifteenth defense should be stricken because "Express Prior Written Consent has to be proven and the Defendant has offered nothing in the way of any sort of proof." (ECF No. 7, p. 11.) Plaintiff cites no authority for this proposition, presumably because courts in this Circuit have allowed consent defenses to TCPA claims to survive when pleaded in far less detail. *Exclusively Cats Veterinary Hosp.*, 2014 WL 4715532, at *6 (denying motion to strike where defendant pleaded that the plaintiff provided "express consent, invitation, and/or

---

[1] *See* Docket, Lake County Common Pleas Case No. 15CV000961.
[2] *Id*.

permission to receive information from defendants."). Plaintiff's motion should be denied as to this defense.

**SIXTEENTH DEFENSE**: **Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.**

Plaintiff's motion suggests that Quake's *res judicata* defense is improper because Quake did not provide a "case caption or citation" for any previous case between the parties. (ECF No. 7, p. 11.) But Plaintiff neglects to mention that his Complaint alleges that Quake "called on number ending in 6060 throughout 2015 … which resulted in the filing of a lawsuit by Bryan Anthony Reo in Lake County Court of Common Pleas 15CV000961." (ECF No. 1-1, PageID# 9.) The Complaint further alleges that Quake called the same number at issue in the Lake County case in 2018. (*Id*.) Since Plaintiff does not dispute that the phone number at issue in this matter was involved in a prior lawsuit, Quake's sixteenth defense gives him "fair notice" of the potential application of *res judicata* and/or collateral estoppel. *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (observing that answer stating, "Plaintiffs' claims are barred by the doctrine of res judicata," was sufficient to give the plaintiff notice of the defense).

**SEVENTEENTH DEFENSE: Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery.**

Plaintiff claims that Quake's seventeenth defense is an impermissible "de facto Counter-Claim seeking attorney's fees." (ECF No. 7, p. 12.) Plaintiff, however, is mistaken. As the language above indicates, Quake's seventeenth defense constitutes a reservation of right to amend, which is proper. *Sprint Sols., Inc.*, 2014 WL 5469877, at *4 ("The Court will not strike this defense, as it construes this as a reservation of right to amend. Similar reservations of rights to amend have been allowed by courts."); *Sony/ATV Music Pub. LLC v. D.J. Miller Music*

*Distributors, Inc.,* 2011 WL 4729807, *5 (M.D. Tenn. Oct.7, 2011) ("Because Defendant retains the right to amend its Answer under Rule 15(a), and because district courts have found that a reservation of this right via an affirmative defense is appropriate, the Court denies Plaintiffs' motion to strike...."). Further, Plaintiff's reliance on *Midland Credit Mgmt.* is misguided because, in that case, the court struck an affirmative defense that "appear[ed] to be a counter-claim for fees, expenses, costs, and damages under the Fair Debt Collection Practices Act." 2018 WL 3993874, at *1. Since Quake is not seeking fees under the FDCPA, Plaintiff's reliance on *Midland Credit Mgmt.* is inappropriate. Finally, to the extent Plaintiff seeks to strike Quake's request for attorney's fees as set forth in its prayer for relief, Plaintiff's motion should be denied as the request was properly pleaded as a matter of course. Hence, the motion to strike should be denied as to this defense and as to Quake's prayer for fees and costs.

**IV. Plaintiff Will Not Be Prejudiced By Quake's Defenses.**

The striking of a portion of a pleading is a drastic remedy which is seldom granted absent a showing of real prejudice to the moving party. *Siddhar*, 2013 WL 6504667, at *9. Here, Plaintiff could not suffer any prejudice or undue burden from conducting discovery on Quake's defenses because they directly relate to the matters in controversy. Particularly at this stage of the litigation, permitting Quake to proceed to discovery on its affirmative defenses would not cause Plaintiff to incur any additional or undue burden or expense. Plaintiffs' motion to strike should be denied.

**V. If The Court Is Inclined To Grant Plaintiff's Motion To Strike, Quake Should Be Given Leave To Replead.**

In the event the Court determines that Plaintiff's Motion to Strike Affirmative Defenses is well-taken—and it should not—Quake respectfully requests leave to file an amended answer and defenses. Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." Here, given the early posture of the case, leave to amend is neither unreasonable nor

prejudicial to Plaintiff. As a result, Quake respectfully requests leave to amend its answer and defenses in the event the Court is inclined to grant Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, Quake respectfully requests that the Court deny Plaintiff's Motion to Strike Affirmative Defenses in its entirety. Should the Court decide not to deny the motion in its entirety, Quake requests leave to amend its defenses pursuant to the Court's order. *See* Fed. R. Civ. P. 15(a)(2).

Dated: November 5, 2018          Respectfully submitted,

*/s/ Matthew B. Barbara*
Matthew B. Barbara (0093978)
Taft Stettinius & Hollister LLP
200 Public Square
Suite 3500
Cleveland, Ohio 44114
(216) 241-2938
(216) 241-3707 (fax)
mbarbara@taftlaw.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2018, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                             */s/ Matthew B. Barbara*
                                             Matthew B. Barbara (0093978)

                                             *Attorney for Defendant Quake Energy*